1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MAURICE DARONTE DAVIS,                    No.  2:24-CV-3181-DMC-P

12                    Plaintiff,

13          v.                                  ORDER

14   JEFF LYNCH,                                and

15                    Defendant.                FINDINGS AND RECOMMENDATIONS

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

19          The Court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

22   initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel.

23   Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

24   portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

25   be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See

26   28 U.S.C. § 1915A(b)(1), (2).

27   / / /

28   / / /

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Maurice Daronte Davis names as Defendant Jeff Lynch, the warden of California State Prison Sacramento. See ECF No. 1, pg. 1. Plaintiff alleges retaliation, or alternatively, breach of contract,  and breach of the implied covenant of good faith and fair dealing in connection with a settlement agreement allegedly reached with the Defendant and the California Department of Corrections and Rehabilitation (CDCR). See id. at 2-3.

Plaintiff claims that on April 25, 2024, he entered into a settlement agreement with Defendant and CDCR regarding unspecified events that allegedly caused Plaintiff "180 days of hunger, pain and suffering, . . . [and] shoulder pain [and] neck pain from falling debris."[1] See id. at 2. Pursuant to this agreement, Plaintiff asserts that he was to receive a payment of $2,500.00. See id. at 2-3. However, Plaintiff claims that the entire sum of $2,500.00 went "directly" towards restitution, and that none of the money reached him. See id. at 3. Plaintiff claims that this diversion of the settlement award was against the law, and was either done in retaliation against Plaintiff, or premeditated by the Defendant, thus suggesting a breach of the implied covenant of

---

[1]    Plaintiff adds that "[t]he roof (under [Defendant's] watch) collapsed and struck [Plaintiff]." And that Plaintiff was "still going through the [e]ffects of [Defendant's] deliberate [i]ndifference with [presumably Plaintiff's] nerve damage." See ECF No. 1, at 3.

1   good faith and fair dealing when the Defendant entered into the settlement agreement with

2   Plaintiff. See id.

3

4                               **II. DISCUSSION**

5           The Court finds that Plaintiff's complaint is legally frivolous because it advances a

6   meritless legal theory based on an erroneous reading of the applicable law. The Court further

7   finds that Plaintiff has failed to allege facts establishing that Defendant took adverse action,

8   thereby failing to meet the requisite legal standard for a retaliation claim.

9       **A.    <u>Frivolousness</u>**

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  When applied to a complaint, the term "frivolous" embraces both the inarguable

13  legal conclusion and the fanciful factual allegation.  See Neitzke, 490 U.S. at 325.  The court may,

14  therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory

15  or where the factual contentions are clearly baseless.  Id. at 327.  The critical inquiry is whether a

16  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See

17  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.  The court need

18  not accept the allegations in the complaint as true, but must determine whether they are fanciful,

19  fantastic, or delusional.  See Denson v Hernandez, 504 U.S. 25, 33 (1992) (quoting Neitzke, 490

20  U.S. at 328).  Finally, a complaint may be dismissed as frivolous if it merely repeats pending or

21  previously litigated claims.  See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

22          In his complaint, Plaintiff advances an indisputably meritless legal theory and thus

23  comes to a legally frivolous and inarguable legal conclusion. The core of Plaintiff's complaint is

24  that the entire sum of a $2,500.00 settlement award went directly towards restitution, and that

25  none of this money reached his account. Plaintiff claims this this diversion of settlement proceeds

26  was against the law and cites several California statutes and regulations in support of this claim.

27  In order of importance, Plaintiff cites to California Penal Code § 2085.8(c), California Assembly

28  Bill 1186 (approved by the Governor on September 28, 2024), California Code of Regulations

1    Title 15, § 3097(a), and California Code of Regulations Title 15, § 3391(a)(1), (2), (3), (4), (8),

2    (10), and (11). As discussed below, none of these authorities supports Plaintiff's complaint that

3    Defendant acted unlawfully in diverting the settlement award to Plaintiff's outstanding restitution

4    fines.  Instead, each supports the legal obligation of the CDCR to directly send all funds awarded

5    by settlement to Plaintiff to satisfy any outstanding restitution orders or restitution fines

6    against him. This obligation has been repeatedly acknowledged by this Court. <u>See, e.g.</u>, <u>Knight v.</u>

7    <u>Edwards</u>, 2022 WL 379956 (E.D. Cal. Jan. 4, 2022), <u>report and recommendation adopted,</u> 2022

8    WL 379264 (E.D. Cal. Feb. 8, 2022); <u>Wells v. Gonzales</u>, 2021 WL 4772458 (E.D. Cal. Oct. 13,

9    2021), <u>report and recommendation adopted,</u> 2021 WL 5417557 (E.D. Cal. Nov. 19, 2021).

10    1.    <u>California Penal Code section 2085.8</u>

11    Plaintiff claims that "Penal Code 2085.8(c) clearly states that only '5 percent' is to

12    go to restitution. In this case . . . 100 percent of the agreed $2,500 went towards restitution which

13    is a direct violation." <u>See</u> ECF No. 1, at 3. However, Plaintiff misreads the statute, which states:

> (a) Compensatory or punitive damages awarded by trial or **settlement** to
> any inmate . . . in connection with a civil action brought against a federal,
> state, or local jail, prison, or correctional facility, or any official or agent
> thereof, **shall be paid directly**, after payment of reasonable attorney's fees
> and litigation costs approved by the court, **to satisfy any outstanding
> restitution orders or restitution fines against that person**. . . .
> (c)(1) The secretary shall deduct and retain from any prisoner or parolee
> settlement or trial award an **administrative fee that totals 5 percent** of
> any amount paid from the settlement or award to satisfy an outstanding
> restitution order or fine, unless prohibited by federal law.

Cal. Penal Code § 2085.8 (emphasis added).

21    By its clear terms, California law mandates that the CDCR divert Plaintiff's full

22    settlement award to directly pay outstanding restitution fines against the Plaintiff. Plaintiff further

23    misunderstands subsection (c) which does not restrict the total diversion to five percent of the

24    settlement award, but instead permits CDCR to assess five percent from the total restitution

25    payment to cover its administrative expenses.  Because Plaintiff does not claim that the

26    administrative fee exceeded this five percent threshold, or that such a fee is prohibited by federal

27    law, Plaintiff's reliance § 2085.8(c) is legally frivolous.

28    / / /

4

1          2.    <u>California Assembly Bill 1186</u>

2          Plaintiff further claims that California Assembly Bill 1186 (A.B. 1186), which

3   purports to "make the outstanding balance of any restitution fines, including any collection fees,

4   unenforceable and uncollectible 10 years after the date of imposition of an order for a restitution

5   fine," <u>see</u> A.B. 1186, bars the diversion of his settlement award. <u>See</u> ECF No. 1, at 3. Even

6   assuming that Plaintiff's restitution order qualifies—a fact that Plaintiff does not plead with

7   sufficient specificity in his complaint—Plaintiff misreads the applicability of A.B. 1186 to the

8   diversion of his settlement award. By its clear terms, A.B. 1186 only "amend[s] Sections 1465.9,

9   2085.5, 2085.6, and 2085.7 of the Penal Code." It does not amend Penal Code section 2085.8, the

10  statute mandating diversion of settlement awards to directly satisfy outstanding restitution fines.

11  Because Plaintiff does not claim otherwise, his reliance on A.B. 1186 is also legally frivolous.

12          3.    <u>California Code of Regulations Title 15, section 3097(a)</u>

13          Plaintiff also claims that California Code of Regulations Title 15, § 3097(a) limits

14  the diversion of the settlement funds to "only '50 percent' not 100 percent." <u>See</u> ECF No. 1, at 3.

15  However, by the statute's clear terms, the fifty percent maximum imposed by § 3097(a) only

16  applies to funds withdrawn "from the incarcerated person's wages and trust account deposits."

17  Cal. Code Regs. tit. 15, § 3097(a). Because a settlement award is not a wage, and because

18  Plaintiff acknowledges that the "payment went 'directly' to restitution" and thus bypassed his

19  trust account, Plaintiff's citation to § 3097(a) is legally frivolous.

20          4.    <u>California Code of Regulations Title 15, section 3391(a)</u>

21          Finally, Plaintiff claims that Defendant violated California Code of Regulations

22  Title 15, § 3391(a), which regulates and proscribes guidelines for CDCR employees. Specifically,

23  Plaintiff cites to subsections which requires employees to comply with all laws, departmental

24  policies, duty statements, and professional standards, respect others, cooperate with

25  investigations, and comply with ethical standards. Because Defendant was acting pursuant to a

26  legal obligation outlined in state law, the Court cannot find that Defendant's conduct failed to

27  "[c]omply with all laws," <u>see</u> Cal. Code Regs. tit. 15, § 3391(a)(1), or any other provision of the

28  regulation, making Plaintiff's reliance on § 3097(a) legally frivolous.

1

      **B.**    <u>**Retaliation**</u>

2                  In order to state a claim under 42 U.S.C. § 1983 for retaliation, the plaintiff must

3 establish that he was retaliated against for exercising a constitutional right, and that the retaliatory

4 action was not related to a legitimate penological purpose, such as preserving institutional

5 security.  <u>See</u> <u>Barnett v. Centoni</u>, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting

6 this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the

7 exercise of a constitutional right.  <u>See</u> <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995);

8 <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also

9 show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by

10 the alleged retaliatory conduct.  <u>See</u> <u>Resnick v. Hayes</u>, 213 F.3d 443, 449 (9th Cir. 2000), <u>see also</u>

11 <u>Rhodes v. Robinson</u>, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish

12 the following in order to state a claim for retaliation: (1) prison officials took adverse action

13 against the inmate; (2) the adverse action was taken because the inmate engaged in protected

14 conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse

15 action did not serve a legitimate penological purpose.  <u>See</u> <u>Rhodes</u>, 408 F.3d at 568.

16                  Plaintiff cannot set forth sufficient facts to support a claim of retaliation.

17 Specifically, Plaintiff's complaint fails to show that Defendant took adverse action against

18 Plaintiff at all. Plaintiff's only claim of action was the diversion of settlement funds to satisfy

19 outstanding restitution fines. Because this action was mandated by state law, as explained above,

20 <u>see</u> Cal. Penal Code § 2085.8, it cannot be considered action adverse to Plaintiff which was taken

21 because Plaintiff engaged in protected conduct. Furthermore, the diversion of settlement funds

22 serves a clear penological purpose. <u>See</u> <u>Paroline v. United States</u>, 572 U.S. 434, 456 (2014) ("The

23 primary goal of restitution is remedial or compensatory, but it also serves punitive purposes")

24 (internal citations omitted).

25 / / /

26 / / /

27 / / /

28 / / /

1          **III. CONCLUSION**

2          For the above stated reasons, the Court finds that Plaintiff's complaint is legally

3    frivolous, and that, because it relies on Plaintiff's misreading of the law, Plaintiff has failed to

4    support his retaliation claim with sufficient facts demonstrating adverse action taken by the

5    Defendant. "A district court should not dismiss a pro se complaint without leave to amend unless

6    it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."

7    Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks and citation

8    omitted).  Because the entire basis of Plaintiff's complaint—that Defendant allegedly unlawfully

9    diverted his settlement funds to restitution—is based on an erroneous reading of relevant statutes,

10   the deficiencies of this complaint cannot be cured by amendment.

11         Based on the foregoing, the undersigned orders and recommends as follows:

12         1.     It is ORDERED that the Clerk of the Court is directed to randomly assign a

13   District Judge to this case.

14         2.     It is RECOMMENDED that this action be dismissed with prejudice as

15   legally frivolous and for failure to state a claim.

16         These findings and recommendations are submitted to the United States District

17   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

18   after being served with these findings and recommendations, any party may file written objections

19   with the Court.  Responses to objections shall be filed within 14 days after service of objections.

20   Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

21   Ylst, 951 F.2d 1153 (9th Cir. 1991).

22

23   Dated:  February 5, 2025

24                                          _____

25                                          DENNIS M. COTA
                                            UNITED STATES MAGISTRATE JUDGE

26

27

28

                                            7